PER CURIAM.
We have received the following judgment of the Board of Governors of The Florida Bar which is founded upon respondent’s repeated violations of Article XI, Rule 11.02(3) of the Integration Rule, 32 F.S.A. Canons 11 and 32 of the Canons of Professional Ethics, and Rule 1 of Additional Rules Governing the Conduct of Attorneys in Florida:
“JUDGMENT
“This cause came on for review and consideration by the Board of Governors of The Florida Bar upon the report of its referee and the record of proceedings before him.
*201 “The Florida Bar’s Complaint contained three charges of embezzlement of clients’ trust funds involving many thousands of dollars.
“After trial, the referee found the respondent guilty as charged and recommended that he be disbarred.
“In particular the Board finds that the respondent held in trust funds of the Estate of Edna W. Moore, deceased, in the amount of $8,231.55. During the year 1968, the respondent converted said funds to his own use, and there remains due and owing to the executrix of said estate the amount of $8,231.55, which is unpaid.
“The Board further finds that the respondent represented Marjorie V. Brown and held some $9,000.00 of her property in trust at the time of her death in August, 1968. The respondent has failed to account to the estate of said deceased client and remains indebted to the Estate of Marjorie V. Brown in the net amount of $8,787.47. This misappropriation also occurred during 1968.
“The Board further finds that the respondent received, in trust, certain negotiable securities which were the property of the Estate of Helen T. Pringle, deceased, during September, 1968. Subsequently the respondent converted said securities to his own use and has failed to restore the securities to the estate or to account to his client, the executrix, for the value of said bonds. The respondent continues to be indebted to the Estate of Helen T. Pringle in the amount of $17,000.00 because of said misappropriation.
"The Board of Governors has considered the entire record and finds the respondent guilty as charged and directs that he be disbarred.
“DONE AND ORDERED this 3rd day of December, 1969.”
Respondent admits to all charges levied against him. He has declined to file a response or to seek appearance before this Court. The most that can be said in respondent’s behalf is that he has been laboring under a difficult family situation which has been exacerbated by his wife’s continuing serious illness.
We conclude that there is no reason to disturb the judgment of the Board of Governors. The respondent Bobby A. Webb, is hereby disbarred from the practice of law in this State, and the costs of proceedings in this matter in the amount of $126.25 are hereby taxed against him.
It is is ordered.
ERVIN, C. J., and ROBERTS, CARLTON, ADKINS and BOYD, JJ., concur.